IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JARVOUS WILLIS, #19020253, )<br>       Petitioner, )<br>        )<br>vs. )<br>        )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>       Respondent. ) | No. 3:21-CV-1986-N (BH)<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the petitioner's request for a stay, recall, or injunction of a mandate issued by the state court of appeals, received on September 10, 2021 (doc. 5). Based on the relevant filings and applicable law, the request should be **DENIED**.

### I.     BACKGROUND

Jarvous Willis (Petitioner), an inmate currently incarcerated in Dallas County Jail, filed correspondence in which he appeared to challenge a state court conviction. (*See* doc. 3.) To the extent he intended to file a petition for a writ of habeas corpus under 28 U.S.C. 2254, he was directed to complete and return the appropriate form for actions filed under § 2254. (*See* doc. 4.) He was also directed to either pay the filing fee for a federal habeas case or to submit a request to proceed *in forma pauperis*. (*See id.*) On September 10, 2021, Petitioner filed a request for a stay, recall, or injunction to "(halt) [sic] the execution" of a mandate issued by the state court of appeals in June 2021 in his criminal case. (doc. 5 at 1-2.)

### II.     STAY AND ABEYANCE

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier,* 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for a writ of habeas corpus. *See Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir.1986); *Richardson,* 762 F.2d at 432.

When a federal petition for writ of habeas corpus contains grounds for relief that are unexhausted, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is "good cause for [the] failure to exhaust, [the] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *see also Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) ("Because a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'") (quoting *Rhines,* 544 U.S. at 277), abrogated on other grounds by *Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021).

Here, Petitioner has not met the *Rhines* standard. He does not seek to stay this habeas action. He also does not allege or identify any potentially meritorious § 2254 claim for relief that has not been exhausted in state court through the filing of his PDR or a state habeas application. Because Petitioner has not shown that he is entitled to a stay and abeyance under the standard set forth in *Rhines*, his request should be denied.

### III.     INJUNCTIVE RELIEF

To the extent Petitioner seeks injunctive relief, he must satisfy the substantive requirements for a preliminary injunction. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the [petitioner], by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quotation marks and citation omitted). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the moving party must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the responding party; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000); *see also* Fed. R. Civ. P. 65. If the party seeking an injunction fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (internal quotation marks omitted).

Here, Petitioner cannot satisfy his burden to show a substantial likelihood of success on the merits because federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties . . . ." *Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973). This Court is therefore without power to order the state appellate court to stay or recall its June 2021 mandate in Petitioner's criminal case. Because he has not shown a basis for injunctive relief in this habeas case, his motion should be denied.

## IV. RECOMMENDATION

The petitioner's request for a stay, recall, or injunction of a mandate issued by the state court of appeals, received on September 10, 2021 (doc. 5), should be **DENIED**.

**SIGNED this 17th day of September, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE