IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JARVOUS WILLIS, #19020253,      )<br>          Petitioner,          )<br>                                )<br>vs.                             )<br>                                )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>          Respondent.          ) | No. 3:21-CV-1986-N (BH)<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on October 18, 2021 (doc. 9). Based on the relevant filings and applicable law, the petition should be **DISMISSED** without prejudice.

### I.     BACKGROUND

Jarvous Willis, (Petitioner), an inmate currently incarcerated in Dallas County Jail, pleaded guilty to "theft property 20K elderly" in Cause No. F-1500105-P in the 203rd Judicial District Court of Dallas County, Texas, and was sentenced to 8 years' imprisonment. (*See* doc. 9 at 2); *State v. Willis*, No. F-1500105-P, *Judgment of Conviction by Court—Waiver of Jury Trial* (203rd Dist. Ct., Dallas Cnty., Tex. Apr. 24, 2019). The judgment was affirmed on direct appeal. *See Willis v. State*, No. 05-19-00513-CR, 2020 WL 2537252 (Tex. App.—Dallas May 19, 2020, pet. ref'd). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review (PDR). *See State v. Willis*, PD-0537-20 (Tex. Crim. App. Apr. 14, 2021). On June 16, 2021, the Texas Court of Criminal Appeals denied Petitioner's request for a rehearing on the PDR. *See id.* He did not file a state application for a writ of habeas corpus. (*See* doc. 9 at 3.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

In his § 2254 petition, Petitioner asserts four grounds:

(1) Ineffective Asst. of Counsel (I.A.C.) Violations of my 5th, 6th, 14th Amend. U.S. Const. Rights under the (Due Process Clause) and rights to competent counsel (was denied);

(2) Prosecutional [sic] misconduct . . . . again violations of my 5th, 6th, 14th Const. Rights (Due Process Clause) and procedural defaults;

(3) Trial court errors, voir dire violation again my 5th, 6th, 14th Amend. Rights were violated by procedural defaults and * not invoking (sua sponte) when deemed i.e. ct. technicalities, removing fired public defender. [sic] etc.;

(4) Subject matter jurisdiction, (defective indictment) conviction/sentence be vacated. Again, U.S. Const. violations. The conviction/sentence under U.S./TX. Const. violates laws of the U.S. (unconstitutional).

(doc. 9 at 6-7.) He seeks release from confinement and monetary damages of ten million dollars. (*See id.* at 7.)

## II.     EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or an application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. A petitioner must also present his claims in a procedurally correct manner. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795. The exhaustion requirement is not satisfied if claims are raised in a PDR that were not first reviewed on direct appeal by an intermediate appellate court. *See Myers v. Collins,* 919 F.2d 1074, 1077 (5th Cir.1990).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for a writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented his claims to the Texas Court of Criminal Appeals. Although he alleged various claims in his PDR, he raised only one issue on direct appeal, namely, that the trial court "erred by not continuing [Petitioner's] case, sua sponte, upon discovering [Petitioner's] trial counsel was not prepared for trial." *Willis*, 2020 WL 2537252, at *1 (internal quotation marks omitted). The claims he first raised in his PDR were not reviewed on direct appeal, so they do not satisfy the § 2254 exhaustion requirement. *See Myers*, 919 F.2d at 1077. Petitioner has not filed a state habeas application, and states that "state 11.07 writ forthcoming[ ] (If needed)."[2] (doc. 9 at 3.) Accordingly, the Texas Court of Criminal Appeals has not had a fair opportunity to consider the claims raised by Petitioner in his federal petition. His § 2254 petition should therefore be dismissed without prejudice for failure to exhaust his state remedies.

### III.   CIVIL CLAIMS

Petitioner also seeks "(punitive damages) of $10 million dollars for wrongful imprisonment/conviction, sentencing, severe emotional trauma, and emotional torture." (doc. 9 at 7.) These claims for monetary compensation do not specifically challenge his custody.

---

[2] Petitioner also states in his § 2254 that a petition for a writ of certiorari with the Supreme Court is "in the process (pending)," and lists the case number for this district court action. (doc. 9 at 3.) A search for Petitioner's name in the Supreme Court's docket search does not return any results showing that Petitioner has filed a certiorari petition with the Supreme Court. *See* Docket Search, *available at* https://www.supremecourt.gov/docket/docket.aspx (last visited Oct. 21, 2021).

3

Claims that do not challenge Petitioner's custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil action against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a separate civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted* 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[3] A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, Petitioner's filing is not liberally construed as seeking to open a new case at this time. The Clerk's Office is **INSTRUCTED** to forward Petitioner a copy of this Court's standard forms for filing a civil complaint and an application to proceed *in forma pauperis* in case he wishes to file a new civil action.

---

[3] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

## IV.     RECOMMENDATION

The *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on October 18, 2021 (doc. 9), should be **DISMISSED** without prejudice.

**SIGNED this 22nd day of October, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE