IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JARVOUS WILLIS, #19020253, )<br>　　　　Petitioner,　　　　　　)<br>　　　　　　　　　　　　　　　)<br>vs.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>　　　　Respondent.　　　　　　) | No. 3:21-CV-1986-N (BH)<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the petitioner's "Motion for Certificate of Appeal," dated December 14, 2021, and received on December 20, 2021 (doc. 15). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I.　BACKGROUND

Jarvous Willis (Petitioner) filed an amended federal habeas petition under 28 U.S.C. § 2254 challenging his state conviction and sentence in Cause No. F-1500105-P in the 203rd Judicial District Court of Dallas County, Texas, and seeking monetary damages for non-habeas civil claims. (*See* doc. 9.) The petition was dismissed without prejudice, a certificate of appealability was denied, and judgment was entered on December 3, 2021. (*See* docs. 13-14.) Petitioner now seeks a certificate of appealability. (*See* doc. 15.)

### II.　CERTIFICATE OF APPEALABILITY

Petitioner was previously denied a certificate of appealability by order dated December 3, 2021, because he failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." (*See* doc. 13 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).)  He is not now entitled to a certificate of appealability for the same reasons.

### III.   RECOMMENDATION

The petitioner's motion for a certificate of appealability, should be **DENIED**.

**SIGNED this 23rd day of December, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE